TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Cecilia Liuberes

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecilia Liuberes, *on behalf of herself and all others similarly situated*,<br><br>                    Plaintiff<br><br>v.<br><br>DriveTime Automotive Group Inc.; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227, *et seq*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**Demand for Jury Trial** |

CLASS ACTION COMPLAINT

For her Class Action Complaint, Plaintiff, Cecilia Liuberes, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      Plaintiff, Cecilia Liuberes ("Plaintiff"), brings this class action for damages resulting from the illegal actions of DriveTime Automotive Group Inc. ("DriveTime" or "Defendant").  Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      DriveTime is a "buy-here, pay-here" used car dealer headquartered in Phoenix, Arizona.  It sells cars and, through its finance affiliate, DT Acceptance Corp., provides subprime vehicle financing at 117 dealership locations in 20 states.

3.      DriveTime specializes in the issuance of sub-prime automobile loans to high credit risk consumers.  It's average customer is 26 to 42 years of age, has an annual income of $37,000 to $50,000, and has a FICO score between 461 and 554.

4.      When its customers fall behind on payments, DriveTime's extensive collections operation initiates campaigns of telephone calls from two domestic call centers and from a call center in the Barbados.

5.      However, not only does DriveTime call its customers, it calls their family,

friends and associates to collect on the debt.

6.      When its As part of its acquisition and servicing of automotive retail installment contracts, it uses robo-dialing systems to bombard unsuspecting consumers who have no relationship with it with robocalls and prerecorded messages.

1.      DriveTime makes these calls in order to place pressure on its actual

2.      Plaintiff is such a consumer, and she seeks relief for himself and all others similarly situated for DriveTime's unlawful behavior.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

4.      Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

5.      Venue is proper in this District.  Defendant is a foreign limited liability company authorized to do business in the Commonwealth of Arizona.  It has an Arizona registered office address on file with the Arizona Department of State.

CLASS ACTION COMPLAINT

Defendant regularly, and at all times relevant herein, conducted business in the Commonwealth of Arizona and in Maricopa County.

## PARTIES

6.      Plaintiff is, and at all times mentioned herein was, an adult individual residing in 3060 Jim Glover Rd. Glasgow, Kentucky.

7.      Plaintiff has never had a business relationship with DriveTime and never consented to be contacted by DriveTime on her cellular telephone.

8.      DriveTime is, and at all times mentioned herein was, an Arizona business entity headquartered in Phoenix, Arizona.

## <u>THE TELEPHONE CONSUMER PROTECTION ACT OF 1991</u>

9.      The TCPA regulates, among other things, the use of automated telephone dialing systems.

10.      47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)     to store or produce telephone numbers to be called,
> using a random or sequential number generator; and
>
> (B)     to dial such numbers.

11.      Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

CLASS ACTION COMPLAINT

12.     Beginning in or around August of 2014, Defendant repeatedly placed automated calls and text messages to Plaintiff's cellular telephone 270-XXX-9408.

13.     The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14.     Upon information and belief, DriveTime utilized a predictive dialer manufactured by Aspect corporation in calls to the Plaintiff.

15.     The dialing system would dial the Plaintiff's number and, if she answered the phone, then connect him to a live agent.

16.     The agent him or herself was not dialing the phone.

17.     When Plaintiff answered the phone, she was met with music as the system routed her call to an agent.

18.     On other occasions, DriveTime sent text messages to the Plaintiff's cellular phone.

19.     Upon information and belief, the texts were system generated messages sent by the Aspect dialing platform which has the capacity to transmit text SMS messages in addition to making calls.  One such text message set forth:

CLASS ACTION COMPLAINT

DriveTime visit reminder for 9:15AM on 9/13 at Gallatin Dealership. Directions? http://goo.gl/FRQa1 To Stop: DTSTOP. MSG & Data Rates may apply

20.    When speaking with DrvieTime's representatives, Plaintiff requested that they cease calling her number.

21.    Nevertheless, the calls and texts continued.

22.    Defendant did not have Plaintiff's prior express consent to place automated calls to Plaintiff on her cellular telephone.

23.    Defendant did not have Plaintiff's prior express consent to send him automated text messages.

24.    Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

**CLASS ACTION ALLEGATIONS**

A. *The Class*

25.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on

CLASS ACTION COMPLAINT

behalf of himself and all others similarly situated.

26.     Plaintiff represents, and is a member of the following class: of two

classes:

**Class A**

**All persons within the United States who received any telephone calls from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.**

**Class B**

**All persons within the United States who received any text messages from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.**

27.     Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to

CLASS ACTION COMPLAINT

modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**B. _Numerosity_**

29.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C. _Common Questions of Law and Fact_**

31.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

    a.  Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

    b.  Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

    c.  Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

CLASS ACTION COMPLAINT

    d.  Whether Defendant's conduct was knowing willful, and/or negligent;

    e.  Whether Defendant is liable for damages, and the amount of such damages; and

    f.  Whether Defendant should be enjoined from such conduct in the future.

32.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. _Typicality_**

33.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. _Protecting the Interests of the Class Members_**

34.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F. _Proceeding Via Class Action is Superior and Advisable_**

CLASS ACTION COMPLAINT

35.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

36.     Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

<u>**COUNT I**</u>
<u>**Negligent Violations of the Telephone Consumer Protection Act,**</u>
<u>**47 U.S.C. § 227, *et seq.***</u>

37.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

38.     Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

39.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

40.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and

CLASS ACTION COMPLAINT

the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

42.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43.     Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

44.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

45.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

CLASS ACTION COMPLAINT

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 3, 2015                    LEMBERG LAW, LLC


                                        By: _/s/ Trinette G. Kent__
                                        Trinette G. Kent
                                        10645 North Tatum Blvd., Suite 200-192
                                        Phoenix, AZ 85028
                                        Telephone: (480) 247-9644
                                        Facsimile: (480) 717-4781
                                        E-mail: tkent@lemberglaw.com

CLASS ACTION COMPLAINT